UNITED STATES DISTRICT COURT
WEDSTERN DISTRICT OF NEW YORK

---

BRYAN S. SMITH,                                                 06-CV-0011E(F)

              Plaintiff,

                                                                                                      MEMORANDUM

        -vs-

                                                                                                  and

JETBLUE AIRWAYS,
                                                                                               ORDER[1]

             Defendant.

---

       Plaintiff Bryan S. Smith ("Smith") filed this action against his former employer JetBlue Airways ("JetBlue") alleging that he was terminated from his employment after he complained of same sex sexual harassment and in retaliation for his opposition to discriminatory and harassing conduct directed at others during his employment with JetBlue at John F. Kennedy International Airport in Queens, N.Y. Currently pending before the Court is JetBlue's Motion, pursuant to 28 U.S.C. §1404(a), to Transfer Venue of this action to the Eastern District of New York. Smith filed opposition to the Motion and the Court heard oral argument on December 8, 2006.

## **DISCUSSION**

       A district court may "[f]or the convenience of parties and witnesses, in the interests of justice, *** transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The moving party bears the burden

---

[1] This decision may be cited in whole or in any part.

of establishing the propriety of the transfer by a clear and convincing showing. *See Ford Motor Co.* v. *Ryan*, 182 F.2d 329, 330 (2d Cir.), *cert. denied*, 340 U.S. 851 (1950). The decision whether to transfer venue lies in the sound discretion of the district court. *See Air-Flo M.G. Co.* v. *Louis Berkman Co.*, 933 F. Supp. 229, 233 (W.D.N.Y. 1996).

With respect to such a motion, the Court considers "(1) whether the action might have been brought in the proposed transferee forum; and (2) whether the transfer promotes convenience and justice." *Excelsior Designs, Inc.* v. *Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003) (internal citations omitted).

Courts weigh several factors in the determination of whether a proposed transferee venue is more convenient than the current venue. Those factors include: (1) the place where the operative facts occurred, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the relative ease of access to sources of proof, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the plaintiff's choice of forum, (7) the forum's familiarity with the governing law and (8) trial efficiency and the interests of justice. *See ibid*; *see also AEC One Stop Group, Inc.* v. *CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004).

As JetBlue notes, the only connection between this District and this lawsuit is that Smith resides within this District. All of the operative events took place within the Eastern District. JetBlue's corporate headquarters and most of the relevant personnel, documents and witnesses are located in the Eastern District. At least two

witnesses are not subject to subpoena in this District, while at least one of them is subject to such process in the Eastern District.

Smith acknowledges that the majority of considerations support a transfer of this case to the Eastern District but argues that his choice of venue should be given deference. He further argues that where, as here, there is a significant financial disparity between the parties, the party with more resources should bear the expense of traveling to another District for purposes of the litigation. While the Court is not unsympathetic to the hardship that Smith would face in litigating this claim in the Eastern District, it is not so significant a hardship that it should outweigh all of the other factors which weigh in favor of a transfer.

Accordingly, it is **ORDERED** that JetBlue's Motion to Transfer Venue to the Eastern District of New York is GRANTED and the Clerk of the Court is directed to take all steps necessary to effectuate such transfer.

DATED:   Buffalo, N.Y.

   June 13, 2007

                              /s/ John T. Elfvin
                              JOHN T. ELFVIN
                              S.U.S.D.J.